UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

MEERA GARAYUA-RAMSAWAK,                          Case No.:

                      Plaintiff,

                                        **<u>COMPLAINT</u>**

       -against-

JAG AIR CONDITIONER CORP.,
SUNRISE METAL, INC.,
JOSE A. CARVAJAL, individually and in          **Trial By Jury Demanded**
His official capacity, JOHN AND JANE
DOES 1-10, individually and in their official
capacities, and XYZ CORP 1-10,

                      Defendants.

--------------------------------------------------------X

        Plaintiff Meera Garayua-Ramsawak ("Plaintiff"), by her attorneys, the Law Offices of

Rudy A. Dermesropian, LLC, complaining of defendants, JAG Air Conditioner Corp. ("JAG"),

Sunrise Metal, Inc. ("Sunrise"), Jose A. Carvajal ("Carvajal"), individually and in his official

capacity, John and Jane Does 1-10, individually and in their official capacities, and XYZ Corp. 1-

10 (collectively referred to as "Defendants"), alleges as follows:

        1.    This action is brought to remedy (i) Defendants' unlawful discrimination, harassment

and disparate treatment based on Plaintiff's pregnancy, sex/gender, disability and familial status,

(ii) Defendants' failure to provide a reasonable accommodation to Plaintiff, and (iii) retaliation for

complaining about the discriminatory actions and disparate treatment she was subjected to, all in

violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"),

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. ("Title VII"), the

Pregnancy Discrimination Act, 42 U.S.C. §2000e(k) ("PDA"), the Executive Law of the State of

New York, New York State Human Rights Law ("Executive Law" or "NYSHRL"), § 296, *et seq.*,

and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*

## PARTIES

2.    At all relevant times herein, Plaintiff, was a pregnant woman employed by JAG and a resident of Bronx County, New York.

3.    Plaintiff is an "employee" within the meaning of Executive law § 292(6) and ADA 42 U.S.C. § 12101, *et seq.*, and a "person" within the meaning of Title VII 42 U.S.C. §§2000e, and the Administrative Code §8-102(1).

4.    Upon information and belief, JAG is a domestic company, with a current principal office at 132 Marine Street, Suite A, Farmingdale, NY 11735.

5.    At all relevant times herein, Defendant JAG was an "employer" within the meaning of Title VII 42 U.S.C. §§2000e and ADA 42 U.S.C. § 12101, *et seq.*, because it had more than 15 employees, and within the meaning of Executive Law § 292(5) and the Administrative Code § 8-102(5) because it had more than four (4) persons in its employ.

6.    Upon information and belief, Sunrise is a domestic company, with a current principal office at 7 Ephesus Place, Amityville, NY, 11701.

7.    Upon information and belief, Sunrise is an *alter ego* and/or affiliate company of Defendant JAG used by Defendants to engage in questionable financial schemes, including but not limited to paying JAG workers and employees through different accounts.

8.    Upon information and belief, at all relevant times herein, Defendant Sunrise, as *alter ego* of JAG, was an "employer" within the meaning of Title VII 42 U.S.C. §§2000e and ADA 42 U.S.C. § 12101, *et seq.*, because it had more than 15 employees, and within the meaning of Executive Law § 292(5) and the Administrative Code § 8-102(5) because it had more than four (4)

persons in its employ.

9.    At all relevant times herein, Defendant Carvajal was and remains the owner of JAG, was Plaintiff's direct supervisor, and a person of authority over Plaintiff's employment.

10.    Defendant Carvajal is an "employee" within the meaning of Executive law § 292(6) and ADA 42 U.S.C. § 12101, *et seq*., and a "person" within the meaning of Title VII 42 U.S.C. §§2000e, and the Administrative Code §8-102(1).

11.    All of the conduct complained of occurred within the boundaries of City of the Bronx, County of Bronx as well as Farmingdale, County of Nassau, and affected Plaintiff in the County of Bronx.

12.    Defendants John and Jane Does 1–10 are natural persons whose true names are not yet known to Plaintiff and are partners, shareholders, principals, employees, agents or persons otherwise associated with one or more of the other Defendants, or were otherwise in positions which enabled them to commit, or to aid and abet in the commission of, the wrongful acts against Plaintiff set forth herein.

13.    Defendants XYZ CORP 1–10 are additional entities, the exact true names of which are not yet known to Plaintiff, which are owned or operated by, affiliated with, owned and/or managed by or for the benefit of one or more of the other Defendants, or any combination of any or all of them.

14.    In committing the wrongful conduct described in this action and obtaining the benefits therefrom to Plaintiff's loss, cost, damage and detriment, one or more of the Defendants acted and operated interchangeably as principals, agents, instrumentalities and/or *alter egos* of one or more of them and/or each other.

15.    Each John and Jane Doe Defendant is an "employee" within the meaning of Executive

law § 292(6) and ADA 42 U.S.C. § 12101, *et seq.*, and a "person" within the meaning of Title VII 42 U.S.C. §§2000e, and the Administrative Code §8-102(1).

16.    Each XYZ Corp. Defendant is an "employer" within the meaning of Title VII 42 U.S.C. §§2000e, ADA 42 U.S.C. § 12101, *et seq.*, NYSHRL Section 292(5) and NYCHRL Section 8-102(5).

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 & 1343, 42 U.S.C. § 12101, *et seq.* and 42 U.S.C. §§2000e, *et seq.*

18.    The unlawful employment practices were committed in Bronx County, Southern District of New York, as well as in Nassau County.

19.    This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States.

20.    This Court has supplemental jurisdiction over Plaintiff's New York State and New York City claims pursuant to 28 U.S.C. § 1367(a).  The New York State and New York City claims are inexorably related to, arise out of the same operative facts and circumstances as, and are a necessary, integral part of the federal law claims, such that the federal, state and city claims form part of the same case or controversy.

21.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

22.    All conditions precedent to filing suit have been satisfied. On April 18, 2022, Plaintiff filed a timely Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, New York District Office ("EEOC") [Charge No. 520-2022-04821]. On November 28, 2022 Plaintiff received a Right to Sue Notice from the EEOC. This action was timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue. Annexed hereto as Exhibit A,

and hereby incorporated by reference, is a copy of Plaintiff's Notice of Right to Sue.

**FACTS**

23.   Plaintiff started working for JAG on September 8, 2020 as an Accounts Payable and Accounts Receivable clerk during the peak of the Covid-19 pandemic.

24.   At the time of her hire, Plaintiff was earning $20 per hour during her employment with Defendants. However, at the time of her termination, Plaintiff was earning $25 per hour.

25.   Upon information and belief, it had been reported that JAG was not compliant with state executive orders and mandates with respect to health and safety measures against the Covid-19 virus while workers were physically at work.

26.   On or about October 23, 2020, Plaintiff learned for the first time that she was pregnant and immediately informed Defendant Carvajal of her pregnancy since the office was moving to Amityville, NY and she was unable to lift heavy items during the move.

27.   As a result of her pregnancy, the ongoing Covid-19 concerns and JAG's lack of proper safety measures and protocols securing the health and wellbeing of its employees, Plaintiff requested that she be allowed to work three days from the office and two days from her home in the Bronx in order to limit the risk of illness or injury.

28.   For approximately two months, Plaintiff divided her time between her home in the Bronx and the office, while performing all her duties and responsibilities.

29.   In fact, during the time Defendants were compelled to have their employees work remotely on a full-time basis during the pandemic, Plaintiff performed her tasks and work assignments timely, adequately and satisfactorily.

30.   However, Plaintiff's good work performance while working remotely from the Bronx or from the office did not deter Defendants from engaging in harassing and discriminatory

behavior, whereby in or about January 2021, Defendant Carvajal gave her the ultimatum that if she is not physically in the office then the Company will not be paying her for her work.

31.     Considering Plaintiff's health condition and pregnancy, as well as the Company's lack of proper procedures ensuring employees' health and safety, Defendants' actions were clearly reckless and negligent, and intended to harass Plaintiff who had recently informed Defendants of her pregnancy.

32.     From on or about January 2021 to June 18, 2021, before going on maternity leave, Plaintiff trained three new employees of JAG, including Sophia Diaz ("Diaz").

33.     Part of the training that Plaintiff provided to these new employees is to perform her duties and responsibilities during her temporary leave from work due to her pregnancy.

34.     On June 24, 2021, because of her difficult pregnancy, Plaintiff had a Cesarean Section (C-Section) delivering her newborn.

35.     However, only two weeks after her high-risk pregnancy and medically-complicated birth, Defendants sent her an email questioning her about her return date and the hours she will be working, to which Plaintiff responded that she will return to the office once medically cleared by her doctor.

36.     However, considering that Defendants were putting significant pressure on Plaintiff to return to work or lose her employment, she agreed to work on a part-time basis while at home in the Bronx before receiving full clearance from her doctors and before completely recovering from her difficult pregnancy.

37.     While working on a part-time basis from the Bronx just two weeks after undergoing a C-Section, Defendants paid Plaintiff through one of its *alter ego* companies Sunrise.

38.     Upon information and belief, Defendant JAG would issue checks for "cash" that

Defendants would deposit in Sunrise's bank account and then funds are issued from Sunrise's account to workers and employees of JAG such as Plaintiff.

39.   The actual reason(s) why Defendants refused to directly pay Plaintiff her wages from JAG and instead paid her through Sunrise is yet to be uncovered. However, Defendants are believed to have engaged in fraudulent activity with the intent to avoid paying Plaintiff her proper and full benefits as an employee of JAG.

40.   On September 13, 2021, Plaintiff returned to work after receiving the necessary clearance from her doctor.

41.   Upon her return, she met with Defendant Carvajal, owner and president of JAG, and informed Carvajal that because of her family situation and her need to care for her newborn, she will not be able to immediately return to the office on a full-time schedule due to her need to care for her dependent new born.

42.   During her maternity leave, as discussed above, Plaintiff worked on a part-time basis from her home in the Bronx and was able to perform her duties and responsivities satisfactorily.

43.    Therefore Plaintiff's request for a reasonable accommodation to temporarily work from the office on a part-time basis in order to care for her newborn could not be overly burdensome on Defendants.

44.   Starting in September, 2021, Defendant Carvajal's attitude towards Plaintiff and the manner in which he communicated with and addressed her was adversely changing.

45.   For example, Carvajal was rude with Plaintiff, spoke to her in an aggressive tone and manner, and made it abundantly clear that he was targeting Plaintiff. In contrast, Carvajal did not engage in similar abusive and rude conduct towards other employees of the company.

46.   In addition, despite her repeated request for privacy when pumping milk for her new

born, Plaintiff was not provided with the necessary lactating breaks that any breastfeeding mother needs, nor was she provided access to a room or a private area in order to use her breast pump.

47.   In September, 2021, almost immediately after her return to work from her maternity leave, Defendant Carvajal sent her an email demoting her position by making her an assistant to both Paulo Alberton ("Alberton") and Diaz who Plaintiff had previously trained.

48.   Defendant Carvajal had even granted paid "travel time" to other employees, but denied that same benefit to Plaintiff even though he knew that she was commuting from the Bronx every day and paying significant tolls to get to and from work.

49.   On November 29, 2021, Plaintiff had to leave work early due to sickness, high fever and chills as a result of the side effects of the Covid-19 vaccine. She also had to rush her daughter to UrgentCare on November 30, 2021 for health related reasons.

50.   Plaintiff remained in contact with Defendants and sent a copy of the UrgentCare letter to Defendants.

51.   On Friday, December 3, 2021, Plaintiff sent Defendant Carvajal a text message informing him that she can return to work on Monday, December 6, 2021 since her daughter was feeling better.

52.   However, since Defendants did not respond to her text message, Plaintiff sent another text message to Alberton inquiring whether she was added to the calendar, and he responded "no worries I spoke to Jose about it."

53.   On December 6, 2021, before Plaintiff started her shift, Carvajal sent her a text message at or about 8:50 a.m. informing her that she is being terminated.

54.   In his letter of termination, Carvajal stated that Plaintiff's termination is due to her "attendance record," which purportedly caused "disruption" and "miscommunication" within the

8

company.

55.   In contrast to how Plaintiff was treated, Defendants did not take any adverse employment actions against other employees who had serious issues in their attendance, performance and communication, such as Diaz and Johana Perry, who came late to work on a daily basis, took meal breaks between 1 to 2 hours, and spoke in Spanish, which made it impossible for Plaintiff to communicate with them.

56.   Diaz was also getting paid for a 40-hour work week, while only working Monday through Thursday, and apparently was getting paid under the alias "Nelly Ponce."

57.   Other employees, including Alberton, were allowed to work remotely on a consistent basis, while Plaintiff's was not.

58.   None of the foregoing individuals were pregnant, suffering from the same health conditions and restrictions as Plaintiff, and most did not have the need to care for a child as Plaintiff did.

59.   During her employment with JAG, Plaintiff made several complaints to Defendant Carvajal's business partner, Richard Messina ("Messina") with regard to the manner in which she was being treated by Carvajal, to which Messina would respond, "I will talk to Jose."

60.   However, no remedial action was taken by Defendants and Plaintiff continued to be subjected to harassment and discrimination.

61.   Plaintiff also complained to the shop manager Dennis Roberts ("Roberts") that JAG was not providing her with privacy or an area she can use her breast pump.

62.   Roberts also responded to Plaintiff that he "will talk to Jose." However, no remedial actions were taken either.

63.   Plaintiff also complained to Alberton and Carvajal's accountant on numerous

occasions about how she was being adversely and unfairly treated by Carvajal and the company as a whole. However, no remedial actions were taken.

64. Plaintiff was continuously subjected to harassment and discrimination due to her pregnancy, disability, gender and familial status causing her to suffer from severe emotional distress.

65. In addition, despite her repeated requests for reasonable accommodations, Defendants failed to accommodate Plaintiff.

66. Due to the stress and anxiety caused by Defendants' discriminatory, harassing and retaliatory actions, Plaintiff suffered and continues to suffer from severe emotional distress.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
**Discrimination based on Pregnancy in Violation of**
**Title VII, 42 U.S.C. §§2000e *et seq*. against**
**Defendants JAG Air Conditioner Corp. and Sunrise Metal, Inc.**

67. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

68. Defendants violated Title VII, 42 U.S.C. §2000e, *et seq.* by engaging in, perpetuating and permitting supervisory and decision making managers and employees to engage in discriminatory employment practices in which Plaintiff's pregnancy was the motivating, if not the only factor.

69. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

70. As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

71.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Discrimination based on Pregnancy in Violation of the**
**Pregnancy Discrimination Act, 42 U.S.C. §2000e(k) against**
**Defendants JAG Air Conditioner Corp. and Sunrise Metal, Inc.**

72.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

73.    Defendants violated the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k) by engaging in, perpetuating and permitting supervisory and decision making managers and employees to engage in discriminatory employment practices in which Plaintiff's pregnancy was the motivating, if not the only factor.

74.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

75.    As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

76.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**AS AND FOR A THIRD CAUSE OF ACTION**
**Discrimination Based on Pregnancy in Violation of the**
**Executive Law § 296, *et seq*. against All Defendants**

77.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

78.    Defendants violated Executive Law §296, *et seq*. by engaging in, perpetuating and

permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's pregnancy was the motivating, if not the only factor.

79.  As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

80.  As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

81.  Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR A FOURTH CAUSE OF ACTION
**Discrimination Based on Pregnancy in Violation of the
Administrative Code § 8-107, *et seq*. against All Defendants**

82.  Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

83.  Defendants violated Administrative Code § 8-107, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's pregnancy was the motivating, if not the only factor.

84.  As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

85.  As a result of the outrageous and blatantly discriminatory conduct of Defendants, with

such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

86.   Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Discrimination based on Disability in Violation of
### ADA 42 U.S.C. § 12101, *et seq*. against
### Defendants JAG Air Conditioner Corp. and Sunrise Metal, Inc.

87.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

88.   Defendants violated ADA, 42 U.S.C. § 12101, *et seq*., by engaging in, perpetuating and permitting supervisory and decision making managers and employees to engage in discriminatory employment practices in which Plaintiff's disability, which was related to her high-risk pregnancy and medically-complicated birth, was the motivating, if not the only factor.

89.   As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

90.   As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

91.   Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Discrimination Based on Disability in Violation of the
### Executive Law § 296, *et seq*. against All Defendants

92.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

93.   Defendants violated Executive Law §296, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's disability, which was related to her high-risk pregnancy and medically-complicated birth, was the motivating, if not the only factor.

94.   As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

95.   As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

96.   Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

<u>**AS AND FOR A SEVENTH CAUSE OF ACTION**</u>
**Discrimination Based on Disability in Violation of the**
**Administrative Code § 8-107, *et seq*. against All Defendants**

97.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

98.   Defendants violated Administrative Code § 8-107, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's disability, which was related to her high-risk pregnancy and medically-complicated birth, was the motivating, if not the only factor.

99.   As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants'

aforementioned violations.

100.  As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

101. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
**Discrimination Based on Plaintiff's Familial Status in
Violation of the Executive Law § 296, *et seq*. against All Defendants**

102.  Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

103.  Defendants violated Executive Law §296, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's familial status and her need to care for her infant child was the motivating, if not the only factor.

104.  As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

105.  As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

106. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A NINTH CAUSE OF ACTION
### Discrimination Based on Plaintiff's Familial Status in
### Violation of the Administrative Code § 8-107, *et seq*. against All Defendants

107.  Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

108. Defendants violated Administrative Code § 8-107, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's familial status and her need to care for her infant child was the motivating, if not the only factor.

109. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

110.  As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

111. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A TENTH CAUSE OF ACTION
### Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq*.
### against Defendants JAG Air Conditioner Corp. and Sunrise Metal, Inc.

112.  Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

113.  Defendants violated Title VII, 42 U.S.C. §2000e, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing

16

and disparate treatment she was subjected to by Defendants.

114. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

115. As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

116. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
**Retaliation in Violation of the ADA 42 U.S.C. § 12101, *et seq*. against Defendants JAG Air Conditioner Corp. and Sunrise Metal, Inc.**

117. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

118. Defendants violated the ADA 42 U.S.C. § 12101, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment she was subjected to by Defendants.

119. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

120. As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

121. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A TWELFTH CAUSE OF ACTION
**Retaliation in Violation of the Executive Law § 296, *et seq*.**
**against All Defendants**

122. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

123. Defendants violated Executive Law §296, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment she was subjected to by Defendants.

124. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

125. As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

126. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
**Retaliation in Violation of the Administrative Code § 8-107, *et seq*.**
**against All Defendants**

127. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

128. Defendants violated Administrative Code § 8-107, *et seq*. by engaging in,

perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment he was subjected to by Defendants.

129. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

130. As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

131. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
**Failure to Provide a Reasonable Accommodation in Violation of
ADA, 42 U.S.C. § 12101, *et seq*. against
Defendants JAG Air Conditioner Corp. and Sunrise Metal, Inc.**

132. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

133. Defendants violated the ADA, 42 U.S.C. § 12101, *et seq*., by engaging in, perpetuating and permitting supervisory and decision making managers and employees to deny Plaintiff reasonable accommodations to temporarily work on a part-time basis in order to care for her newborn, to have necessary lactating breaks, or a room or a private area in order to use her breast pump.

134. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants'

aforementioned violations.

135. As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

136. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
**Failure to Provide a Reasonable Accommodation in Violation of the Executive Law § 296, *et seq*. against All Defendants**

137. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

138. Defendants violated the Executive Law §296, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making managers and employees to deny Plaintiff reasonable accommodations to temporarily work on a part-time basis in order to care for her newborn, to have necessary lactating breaks, or a room or a private area in order to use her breast pump.

139. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

140. As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

141. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**
**Failure to Provide a Reasonable Accommodation in Violation of the**
**Administrative Code § 8-107, *et seq*. against All Defendants**

142.  Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

143.  Defendants violated the Administrative Code § 8-107, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making managers and employees to deny Plaintiff reasonable accommodations to temporarily work on a part-time basis in order to care for her newborn, to have necessary lactating breaks, or a room or a private area in order to use her breast pump.

144.  As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

145.  As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

146.  Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Meera Garayua-Ramsawak, respectfully demands the following relief:

A.     award Plaintiff full compensation damages under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. ("Title VII"), the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k) ("PDA"), the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law"), § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*;

B.     award full liquidated and punitive damages as allowed under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. ("Title VII"), the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k) ("PDA"), the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law"), § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*;

C.     award pre-judgment and post-judgment interests;

D.     award Plaintiff an amount to be determined at trial of lost compensation, back-pay, front-pay, bonuses, raises, emotional distress damages, and additional amounts such as liquidated damages;

E.     award Plaintiff such compensatory, prospective, exemplary and punitive damages as this Court deems appropriate, just and proper;

F.     award Plaintiff the cost of prosecuting this action and for reasonable attorneys' fees under the aforementioned statutes and 42 U.S.C. § 1988; and

G.      such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        February 15, 2023

                        Respectfully Submitted,

                        LAW OFFICES OF RUDY A. DERMESROPIAN, LLC

                        By:  ____/s/ Rudy A. Dermesropian_____
                                Rudy A. Dermesropian (RD 8117)
                                810 Seventh Avenue, Suite 405
                                New York, NY 10019
                                Telephone: (646) 586-9030
                                Fax: (646) 586-9005

                                *Attorneys for Plaintiff*
                                *Meera Garayua-Ramsawak*

# Exhibit A

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Meera Garayua-Ramsawak
315 Harding Park
Bronx, NY 10473

From:  **New York District Office**
**33 Whitehall St, 5th Floor**
**New York, NY 10004**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2022-04821** | **Richard Buckley,** Investigator | **(929) 506-5295** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    More than 180 days have passed since the filing of this charge.

    The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By Timothy Riera
11/28/2022

**Timothy Riera**
**Acting District Director**

Enclosures(s)

cc:
    **Rudy A Dermesropian**
**LAW OFFICE OF RUDY A. DERMESROPIAN, LLC**
**810 Seventh Avenue Suite 405**
**New York, NY 10019**